IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REMEKA LEVERT,<br><br>　　Plaintiff,<br><br>v.<br><br>AMERICAN CANCER SOCIETY, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:20-cv-5284-MLB-JKL |

## **FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on its previous order directing Plaintiff to file proof of service on Defendant or show cause for her failure to do so. [Doc 5.]

On December 30, 2020, Plaintiff Remeka Levert filed this employment discrimination action against Defendant American Cancer Society, Inc. [Docs. 1.] Since that time, Plaintiff has filed no proof of service—either on her own, pursuant to Federal Rule of Civil Procedure 4, or in response to the Court's August 9, 2021 Order directing her to do so. [*See* Doc. 5.]

As previously explained in that Order, Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, Rule 4(m)'s 90-day deadline expired months ago without Plaintiff filing proof of service. After the Court specifically directed Plaintiff to "file proof of service or otherwise show cause for the failure to effect service on Defendant," Plaintiff has continued to ignore the Court's Order and has taken no further action to prosecute her case. [*See* Doc. 3.]

Because Plaintiff has not served Defendant, has not shown good cause for her failure to do so, and has ignored this Court's August 9 Order regarding service, Plaintiff's case is subject to dismissal. *See* Fed. R. Civ. P. 4(m); *Lindley v. City of Birmingham, Ala.*, 452 F. App'x 878, 880 (11th Cir. 2011); *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing the Court's authority to dismiss an action for failure to follow the orders and rules of the Court); L.R. 41.3(A), NDGa. (explaining the "[t]he court may, with

or without notice to the parties, dismiss a civil case for want of prosecution if . . . plaintiff or plaintiffs attorney shall, after notice . . . fail or refuse to obey a lawful order of the court in the case). Accordingly, I **RECOMMEND** that this action be **DISMISSED** without prejudice.

    IT IS SO RECOMMENDED this 30th day of August, 2021.

                                                            _____
                                                             JOHN K. LARKINS III
                                                             United States Magistrate Judge